# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS JULIAN, JR., | Civil Action No. 10 – 1503 |
| Petitioner, | |
| | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Petitioner's Motion to Withdraw (ECF No. 21) be granted and that this habeas action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**II.   REPORT**

Petitioner, Thomas Julian, Jr., is a former prisoner of the Commonwealth of Pennsylvania. While still a state prisoner, he initiated this action on November 9, 2010, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On November 22, 2010, the undersigned issued a Report and Recommendation recommending that the petition be dismissed without prejudice because Petitioner had failed to exhaust his state court remedies in the Pennsylvania state courts. (ECF No. 3.) Petitioner filed objections and a supplement to the Report and Recommendation (ECF Nos. 4, 5), and on December 22, 2010, the Court issued a

Memorandum Order adopting the Report and Recommendation, dismissing the petition without prejudice and denying a certificate of appealability (ECF No 6).

Petitioner filed an amended habeas petition on February 25, 2011 (ECF No. 8), and a Motion to Reopen this case on March 22, 2011 (ECF No. 10). Petitioner's Motion was granted and this case was reopened for further proceedings on March 24, 2011. (ECF No. 11.) Respondents filed their answer to the amended petition (ECF No. 16), and Petitioner filed a response to the answer (ECF No. 19). Petitioner has now filed a Motion to Withdraw his amended petition (ECF No. 21) to which Respondents have filed a response (ECF No. 22). As discussed hereinafter, the Petitioner's motion should be granted.

**A. Relevant Procedural History**

Petitioner was charged in two separate Informations filed in the Court of Common Pleas of Allegheny County. (ECF No. 16 at 1.) In the first Information filed on August 26, 1999, Petitioner was charged with one count each of Criminal Attempt and Aggravated Indecent Assault, and four counts each of Indecent Assault, Indecent Exposure, Endangering Welfare of Children, and Corruption of Minors. Id. at 1-2. One count of Aggravated Indecent Assault was added the following year. Id. at 2. In the second Information filed on August 26, 1999, Petitioner was charged with two counts of Indecent Assault and one count each of Endangering Welfare of Children and Corruption of Minors. Id. Petitioner proceeded to trial, and on August 2, 2000, the jury returned its verdict finding him guilty as charged on all counts of both Informations. Id. at 3.

On December 4, 2000, Petitioner was adjudicated a sexually violent predator, as defined in Megan's Law, and sentenced to a period of five to ten years incarceration to be followed by a period of fifteen years probation. Id. at 3-4. Petitioner appealed the court's determination of

sexually violent predator, and the Superior Court affirmed on March 10, 2003. Id. at 4. The Pennsylvania Supreme Court denied his petition for allowance of appeal on July 29, 2003. Id.

On March 31, 2004, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"). Id. at 4-5. Appointed counsel filed an amended PCRA petition, and the petition was denied without a hearing on June 30, 2006. Id. at 5. Petitioner appealed and the Superior Court affirmed on March 5, 2007. Id. On July 12, 2007, the Pennsylvania Supreme Court denied his petition for allowance of appeal. Id.

On July 28, 2008, Petitioner filed a second *pro se* PCRA petition, and the petition was dismissed on August 22, 2008. Id. Petitioner appealed and the Superior Court affirmed on June 15, 2009. Id. at 5-6. On October 27, 2009, the Pennsylvania Supreme Court denied his petition for allowance of appeal. Id. at 6.

On December 23, 2009, Petitioner filed a *pro se* petition for writ of habeas corpus in this Court. Id. at 6-7; *see also* Case No. 09-1710. The undersigned issued a Memorandum Opinion and Order on May 3, 2012, dismissing the petition as untimely. Id. at 7. Petitioner appealed and the Third Circuit Court of Appeals denied a certificate of appealability on October 14, 2012. Id. at 7-8. Petitioner's petition for rehearing was denied on November 15, 2010. Id. at 8.

On July 12, 2010, Petitioner filed an application for extraordinary relief in the Pennsylvania Supreme Court. Id. at 8.

Petitioner was released from the custody of the Pennsylvania Department of Corrections on August 2, 2010. Id. at 8-9. His probationary sentenced commenced that day. Id. at 9. He was subsequently transported to the Allegheny County Jail pursuant to a probation warrant because he was alleged to have violated his probation by failing to submit a home plan for approval, as required by Megan's Law and the Pennsylvania Board of Probation and Parole

3

conditions. Id. A Gagnon I hearing was conducted on August 12, 2010, putting Petitioner on official notice as to the alleged violations. Id. A Gagnon II hearing, or violation hearing, was conducted on December 23, 2010, but by that time Petitioner had submitted an approved home plan with the assistance of Justice Related Services. Id. As such, no action was taken on the alleged probation violation. Id. Petitioner was released to the custody of Forensics that day. Id.

While he was still in custody, Petitioner initiated the instant habeas action by filing a *pro se* petition for writ of habeas corpus on November 9, 2010. Id.; *see also* ECF No. 1. As noted *supra*, the undersigned issued a Report recommending that the petition be dismissed without prejudice due to Petitioner's failure to exhaust his state court remedies. Id. at 9-10; see also ECF No. 3. The habeas petition was ultimately dismissed without prejudice and a certificate of appealability was denied. Id. at 10; *see also* ECF No. 6.

On February 17, 2011, the Pennsylvania Supreme Court denied Petitioner's application for extraordinary relief. Id. Just prior to that on February 14, 2011, Petitioner filed a motion requesting amendment and transfer of the matter to federal jurisdiction. Id. Petitioner filed an amended habeas petition in this action on February 23, 2011, and a motion to reopen on March 22, 2011. Id.; *see also* ECF Nos. 8, 10. The motion was granted and this case was reopened for further proceedings. Id.; *see also* ECF No. 11. Respondents filed their answer to the amended petition on June 2, 2011. (ECF No. 16.)

**B. Petitioner's Amended Habeas Petition**

It appears from Petitioner's amended petition for writ of habeas corpus that he is challenging the Pennsylvania Board of Probation and Parole's authority to impose additional conditions upon his sentence of probation. Petitioner argues that the trial court never imposed conditions on his probation requiring that he not be homeless, the he have an approved home-

4

plan, or that he obtain written permission from the Pennsylvania Board of Probation and Parole before changing his residence. He contends that his August 2, 2010, arrest for violating the terms and conditions of his probation and subsequent confinement for 144 days violated his state and federal constitutional rights. He seeks $1,220,000.00 in compensatory damages; a declaration that the arrest, confinement and actions were illegal, unlawful, and unconstitutional; and that his fifteen year probationary sentence imposed by the trial court on December 4, 2000, be vacated.

In response to the amended habeas petition, Respondents assert that Petitioner's constitutional challenge should be raised under 42 U.S.C. § 1983, and not in a petition for writ of habeas corpus. Alternatively, they seek dismissal of the amended petition as second or successive, untimely, and because Petitioner has not properly exhausted his claim in the Pennsylvania state courts. They further assert that the amended petition should be denied because Petitioner's claim is without merit. Petitioner filed a response in opposition but then later filed a Motion to Withdraw this matter, which is discussed below.

**C. Motion to Withdraw**

On September 28, 2012, Petitioner filed a Motion to Withdraw this habeas action in light of the Pennsylvania Supreme Court's recent decision in Commonwealth v. Elliott, 50 A.3d 1284 (Pa. 2012), decided on September 7, 2012. Specifically, Petitioner claims that pursuant to Elliott, this matter is "properly ripened" for § 1983 proceedings. Respondents do not object to Petitioner's motion and agree that Petitioner's claim should be pursued in a civil rights action filed pursuant to § 1983.

Because Respondents have already filed their answer to the amended petition, the Court will construe Petitioner's motion to be one for voluntary dismissal pursuant to Federal Rule of

5

Civil Procedure 41(a)(2). *See* Passmore v. Beard, No. 3:07-1842, 2009 U.S. Dist. LEXIS 34929, at *6 (M.D. Pa. Apr. 24, 2009) (construing the plaintiff's motion to withdraw as a motion for voluntary dismissal pursuant to Rule 41(a)(2)); Stotts v. Dodrill, No. 3:CV-03-1921, 2004 U.S. Dist. LEXIS 29455, at *2 (M.D. Pa. Jan. 13, 2004) (construing the petitioner's notice of voluntary dismissal of claim as request under Rule 41(a)(2) because the respondents had already filed their response to the habeas petition). That Rule provides, in pertinent part, that after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unlike an involuntary dismissal under Federal Rule of Civil Procedure 41(b), Rule 41(a)(2) allows an action to be dismissed by court order without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

Petitioner has explained that he wishes to pursue his claim in an action pursuant to § 1983 and Respondents do not object. As such, this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Petitioner's Motion to Withdraw (ECF No. 21) be granted and that this habeas action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). If Petitioner desires to pursue a civil rights action pursuant to 42 U.S.C. § 1983, he is advised that he must initiate a separate action. In order to do so he must file a civil rights complaint and he must pay the $350 filing fee or submit a motion to proceed *in forma pauperis*.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written

objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

    Dated: October 22, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge


Cc: **THOMAS JULIAN, JR.**
836 Linden Avenue
Apt. 37
East Pittsburgh, PA 15112
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*